# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TRANSYSTEMS CORPORATION** | : | |
| | : | **Civil No. 1:14-CV-1541** |
| **Plaintiff** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **v.** | : | |
| | : | |
| **HUGHES ASSOCIATES, INC.,** | : | |
| | : | |
| **Defendant** | : | |

## MEMORANDUM OPINION

## I.    Statement of Facts and of The Case

This case, which comes before us for resolution of a motion to dismiss, is a contract and contract indemnification action which arises out of an Air National Guard base hangar construction project.  According to the well-pleaded facts in the plaintiff's complaint on October 1, 2008, Kinsley Construction Company ("Kinsley") was awarded a contract to construct the this Air National Guard hangar.  (Doc. 1, ¶6.) Kinsley then retained the plaintiff, TranSystems, to serve as fire protection consultant for the purposes of designing and installing a fire suppression system within the hangar. (Id., ¶7.) TranSystems in turn, hired the defendant, Hughes, as a sub-consultant to design the fire suppression system for the hangar.  (Id., ¶8.) TranSystems alleges that Hughes failed to perform its engineering functions under

the contract in a timely and professionally competent manner.  (<u>Id</u>., ¶¶15-16.)  As a result TranSystems was unable to perform its contractual obligations to Kinsley. (<u>Id</u>.)  Consequently, Kinsley removed TranSystems from this project and filed claims against TransSystems alleging that the fire suppression system designs were improper and resulted in delays.  On August 17, 2012, Kinsley and TranSystems settled all claims related to this matter.  As part of this settlement, TranSystems specifically retained the right to pursue Hughes based on its role in causing Kinsley's damages. (Doc. 1, ¶¶18-19.)

Cast against this factual background TranSystems brings two claims against Hughes.  First, TranSystems alleges that Hughes breached its contract with the plaintiff by, in part, "[f]ailing to provide designs in accordance with the skill and care required of its profession." (<u>Id</u>., ¶23.c.)  In addition, TranSystems brings a claim of contractual indemnity against Hughes arising out of this allegedly deficient performance of professional services under the agreement between these parties. (<u>Id</u>., ¶¶26-29.)

TranSystems filed this complaint against Hughes on August 6, 2014. (Doc. 1.)  Following service of the complaint, Hughes moved to dismiss this complaint on October 10, 02014.  (Doc. 10.)  Citing the language of TranSystems' complaint, which couched this contractual dispute in terms of a breach resulting from Hughes

"[f]ailing to provide designs in accordance with the skill and care required of its profession," (Doc. 1, ¶23.c), Hughes contends in its motion to dismiss that the complaint should be dismissed because TranSystems had failed to timely file a certificate of merit with respect to these claims which alleged that Hughes failed to meet the level of skill and care required in the profession, as required under Pennsylvania state practice by Rule 1042.3 of the Pennsylvania Rules of Civil Procedure.

Within six days of the filing of this motion, on October 16, 2014, TranSystems responded to this motion to dismiss by filing a certificate of merit certifying "that an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by Hughes Associates, Inc. in the above-captioned action in the practice relating to their contract with TranSystems Corporation that is the subject of the instant Complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm." (Doc. 12.) Thus, the deficiency cited by Hughes in its motion to dismiss has now been fully addressed by TranSystems, and was addressed within 71 days of the filing of this lawsuit.

Notwithstanding this fact, the parties have continued to litigate this matter, in part because defendant Hughes contends that a dismissal of this action for failure to

comply with Rule 1042.3 may, in turn, bar this complaint under the applicable statute of limitations.   TranSystems contests this suggested assertion of the statute of limitations, and argues that this motion to dismiss should be denied in light of its current compliance with Rule 1042.3.

For the reasons set forth below, the motion to dismiss will be denied.

II.     **Discussion**

A.     **Motion to Dismiss–Standard of Review**

A motion to dismiss tests the legal sufficiency of a complaint.  Rule 12(b)(6) of the Federal Rule of Civil Procedure provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  The facts alleged must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. 544, 555.  This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" of necessary elements of the plaintiff's cause of action. Id. at 556.  Furthermore, in order to satisfy federal pleading requirements, the

plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotation marks omitted) (quoting Twombly, 550 U.S. at 555).

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Iqbal, 129 S.Ct. at 1947. Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950. Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

As the court of appeals has observed: "The Supreme Court in Twombly set forth the 'plausibility' standard for overcoming a motion to dismiss and refined this approach in Iqbal. The plausibility standard requires the complaint to allege 'enough facts to state a claim to relief that is plausible on its face.' Twombly, 550 U.S. at 570, 127 S.Ct. 1955. A complaint satisfies the plausibility standard when the factual pleadings 'allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550

5

U.S. at 556, 127 S.Ct. 1955).  This standard requires showing 'more than a sheer possibility that a defendant has acted unlawfully.'  Id.  A complaint which pleads facts 'merely consistent with' a defendant's liability, [ ] 'stops short of the line between possibility and plausibility of "entitlement of relief." ' "  Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220-21 (3d Cir. 2011) cert. denied, 132 S. Ct. 1861, 182 L. Ed. 2d 644 (U.S. 2012).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record.  Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007).  The court may also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents."  Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).  Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered."  Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002); see also, U.S. Express Lines, Ltd. v. Higgins, 281 F.3d382, 388 (3d Cir. 2002) (holding that "[a]lthough a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss in one for summary judgment.").  However, the

court may not rely on other parts of the record in determining a motion to dismiss. Jordan v. Fox, Rothschild, O'Brien &Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

### B.      The Application of Rule 1042.3 To This Dispute

As a federal court exercising diversity jurisdiction in this case, we are obliged to apply the substantive law of Pennsylvania to this dispute. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d. Cir. 2000).  In this case we must consider how a substantive requirement of Pennsylvania law, which directs that parties bringing professional liability claims file a certificate of merit attesting that they possess evidence of a breach of a professional standard of care, applies to this particular contractual dispute.

Under Pennsylvania law, when parties bring claims that licensed professionals deviated from an acceptable professional standard, the attorney for the plaintiff must file with the complaint, or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party.  This requirement is imposed upon parties bringing professional negligence claims by Pa.R.C.P. No. 1042.3 ("Rule 1042.3") which provides in pertinent part as follows:

Rule 1042.3. Certificate of Merit

(a) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not

7

represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party that either

(1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or

(2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or

(3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

The requirements of Rule 1042.3 are deemed substantive in nature and, therefore, federal courts in Pennsylvania must apply these prerequisites of Pennsylvania law when assessing the merits of a professional liability claim. Liggon-Reading v. Estate of Sugarman, 659 F.3d 258 (3d Cir. 2011); Iwanejko v. Cohen & Grigsby, P.C., 249 F Appx. 938, 944 (3d Cir.2007); Ramos v. Quien, 631 F. Supp. 2d 601, 611 (E.D. Pa. 2008); Stroud v. Abington Memorial Hosp., 546 F.Supp.2d 238, 248 (E.D.Pa.2008) (noting that Pennsylvania federal courts "have uniformly held that the COM requirement is a substantive rule of law that applies in professional liability

actions proceeding in federal court"). Moreover, this requirement has been expressly applied by federal courts to cases, like the instant lawsuit, which involve claims of breach of contract where those breach of contract allegations are grounded in the alleged failure of a licensed professional to perform in accordance with the skill and care required of the profession. See Perez v. Griffin, 304 F. App'x 72, 75 (3d Cir. 2008)(breach of contract claim against attorney, Rule 1042.3 applied) citing Varner v. Classic Cmtys. Corp., 890 A.2d 1068, 1074 (Pa. Super. Ct.2006) (explaining that "it is the substance of the complaint rather than its form" that controls whether a claim is for professional liability and whether a certificate of merit is required).

In contrast to the substantive clarity of this rule, the procedural aspects of enforcement of Pennsylvania Rule 1042.3 to cases in federal court are somewhat murky. Several factors contribute to this procedural uncertainty. Most notably, this confusion is a function of the fact that the procedural mechanisms for ensuring compliance with the dictates of Rule 1042.3 vary widely between the state and federal courts. For example, we note that the sanction imposed under state law for a violation of this rule is entry of a non pros by the prothonotary. Therefore, "[i]n Pennsylvania, the prothonotary enters judgment of non pros as soon as the Defendant files a praecipe that complies with the requirements of Rule 1042.7 without court involvement. Pa. R. Civ. P. 1042.7." Keel-Johnson v. Amsbaugh, No. 1:07-CV-s00,

2009 WL 648970, at *3 (M.D. Pa. Mar. 10, 2009).  This state procedure has no precise analogue in the federal system.  Rather, federal courts address this state practice by analogy, and have held in this context that "the entry of non pros is a default judgment that does not bar the plaintiff from commencing another suit based upon the same cause of action."  Bresnahan v. Schenker, 498 F.Supp.2d 758, 762 (E.D. Pa. 2007)(quoting, Scaramuzza v. Sciolla, 345 F.Supp.2d 508, 511 (E.D. Pa. 2004).  Moreover, under Pennsylvania law, a party can seek relief from a non pros dismissing a case under Rule 1042.3, by coming into compliance with the rule, showing that there is a meritorious cause of action, and providing a reasonable explanation or legitimate excuse for then earlier non-compliance.  See Womer v. Hilliker, 908 A.2d 269 (Pa. 2006); see also  Pa.R.C.P. No. 3051.

Furthermore, Pennsylvania practice also expressly provides plaintiffs with notice of Rule 1042.3's requirements and an opportunity to cure any failure to file a certificate of merit before a matter is dismissed.  Under Pennsylvania Rule 1042.6:

> (a) . . .  a defendant seeking to enter a judgment of non pros under Rule 1042.7(a) shall file a written notice of intention to file the praecipe and serve it on the party's attorney of record or on the party if unrepresented, no sooner than the thirty-first day after the filing of the complaint.

Pa. R. Civ. P. 1042.6(a).  No judgment of non pros can be entered against the plaintiff for failure to timely file a certificate of merit until the defendant has complied with

the notice requirements of Rule 1042.6(a). Pa. R. Civ. P. 1042.7(a)(4); <u>Keel-Johnson</u>

<u>v. Amsbaugh</u>, No. 1:07-CV-200, 2009 WL 648970, at *4 (M.D. Pa. Mar. 10, 2009).

Unlike the substantive requirements of Rule 1042.3, which are uniformly

construed to require the filing of a certificate of merit in diversity cases brought in

federal court, the notice provisions of Rule 1042.6 have been viewed in different

ways by the federal courts.  Some courts seem to endorse expressly extending this

notice requirement to state claims brought into federal court under diversity

jurisdiction.  <u>Fabian v. United States</u>, No. CIV.A. 13-1656, 2013 WL 5525647, at *2

(E.D. Pa. Oct. 7, 2013).   In contrast, Rule 1042.6's notice provisions have been

construed by a number of other federal courts to be state procedural rules which are

not binding upon the federal courts.  <u>See e.g.</u>, <u>Keybank Nat'l. Ass'n. v. Reidbord</u>, No.

CIV.A. 05 144, 2005 WL 3184781, at *11 (W.D. Pa. Nov. 29, 2005); <u>Abdulhay v.</u>

<u>Bethlehem Med. Arts, L.P.</u>, No. CIV.A. 03-CV-04347, 2005 WL 2416012, at *11

(E.D. Pa. Sept. 28, 2005).  However, it is not necessary to resolve this particular

debate in the instant case because, in practice, those federal courts that have eschewed

direct application of Rule 1042.6 to diversity cases have still embraced the concepts

of notice, fairness and prejudice which inform the requirements of Rule 1042.6 in

their resolution of these claims.  Thus, federal courts have frequently declined to

dismiss cases pursuant to Rule 1042.3 where the plaintiff has timely cured the failure

to file a certificate of merit by filing a certificate of merit after receiving notice of this deficiency from the defendant.  <u>See</u> <u>Robles v. Casey</u>, No. 1:10 CV 2663, 2012 WL 382986, at *3 (M.D. Pa. Feb. 6, 2012) (denying dismissal based on the untimely filing of the certificate of merit, which plaintiff filed eight days after defendant raised the issue); <u>Keybank Nat'l. Ass'n. v. Reidbord</u>, No. CIV.A. 05-144, 2005 WL 3184781, at *10 (W.D. Pa. Nov. 29, 2005); <u>Scaramuzza v. Sciolla</u>, 345 F. Supp. 2d 508, 511 (E.D. Pa. 2004).

In reaching this result, those federal cases which have declined to directly apply Pennsylvania Rule 1042.6 to cases involving an initial failure to comply with Rule 1042.3 have instead held that in this setting a motion to dismiss should be judged against the standards set by Rule 41(b) of the Federal Rules of Civil Procedure for the dismissal of a case for failure to prosecute.  <u>See, e.g.</u>, <u>Keel-Johnson v. Amsbaugh</u>, No. 1:07-CV-200, 2009 WL 648970, at *4 (M.D. Pa. Mar. 10, 2009); <u>Keybank Nat'l. Ass'n. v. Reidbord</u>, No. CIV.A. 05-144, 2005 WL 3184781, at *12 (W.D. Pa. Nov. 29, 2005); <u>Abdulhay v. Bethlehem Med. Arts</u>, L.P., No. CIV.A. 03-CV-04347, 2005 WL 2416012, at *1 (E.D. Pa. Sept. 28, 2005).  Rule 41(b) of the Federal Rules of Civil Procedure, in turn, authorizes a court to dismiss a civil action for failure to prosecute, stating that: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any

claim against it." Fed. R. Civ. P. 41(b).  Decisions regarding dismissal of actions for failure to prosecute rest in the sound discretion of the Court, and will not be disturbed absent an abuse of that discretion.  Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002)(citations omitted).  That discretion, however, while broad is governed by certain factors, commonly referred to as Poulis factors.  As the United States Court of Appeals for the Third Circuit has noted:

> To determine whether the District Court abused its discretion [in dismissing a case for failure to prosecute], we evaluate its balancing of the following factors:  (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure . . . ; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir.1984).

Emerson, 296 F.3d at 190.

In exercising this discretion "there is no 'magic formula' that we apply to determine whether a District Court has abused its discretion in dismissing for failure to prosecute." Lopez v. Cousins, 435 F. App'x 113, 116 (3d Cir. 2011)(quoting Briscoe v. Klem, 538 F.3d 252 (3d Cir. 2008)).  Therefore, "[i]n balancing the Poulis factors, [courts] do not [employ] a . . . 'mechanical calculation' to determine whether a District Court abused its discretion in dismissing a plaintiff's case.  Mindek v.

13

Rigatti, 964 F.2d 1369, 1373 (3d Cir.1992)." Briscoe v. Klaus, 538 F.3d at 263. Consistent with this view, it is well-settled that " 'no single Poulis factor is dispositive,' Ware, 322 F.3d at 222, [and it is] clear that 'not all of the Poulis factors need be satisfied in order to dismiss a complaint.' Mindek, 964 F.2d at 1373." Briscoe v. Klaus, 538 F.3d at 263.

Here, an assessment of the factors which guide our consideration of this motion under Rule 41 strongly weighs against dismissal of this action on the basis of a brief delay by TranSystems in filing a certificate of merit under Rule 1042.3. At the outset, we note that three of the Poulis factors which would favor dismissal–the degree of the plaintiff's personal responsibility; any history of dilatoriness; and whether the conduct of the party or the attorney was willful or in bad faith–simply are not present in this case. There is no showing of willful, culpable, dilatory conduct by the plaintiff. Quite the contrary when the potential application of Rule 1042.3 was brought to the plaintiff's attention, the plaintiff moved with alacrity, curing this failure to file a certificate of merit within 6 days of receiving notice of this matter through the filing of the defendant's motion to dismiss, and a mere 71 days after the filing of the complaint. On similar facts, courts have frequently declined invitations to dismiss cases pursuant to Rule 1042.3. See Robles v. Casey, No. 1:10 CV 2663, 2012 WL 382986, at *3 (M.D. Pa. Feb. 6, 2012) (denying dismissal based on the

14

untimely filing of the certificate of merit, which plaintiff filed eight days after defendant raised the issue); Keybank Nat'l. Ass'n. v. Reidbord, No. CIV.A. 05-144, 2005 WL 3184781, at *10 (W.D. Pa. Nov. 29, 2005); Scaramuzza v. Sciolla, 345 F. Supp. 2d 508, 511 (E.D. Pa. 2004).

Furthermore, we find that at least two other Poulis factors–the effectiveness of sanctions other than dismissal and the meritoriousness of the claim–are either inapplicable or incapable of meaningful measurement in this case. For example, since we find nothing culpable about the brief delay in filing this certificate of merit, we need not assess whether lesser sanctions than dismissal are appropriate. Instead, we find that no sanction is necessary or appropriate in this case. We also conclude that the potential merit of the plaintiff's claim is not subject to any informed assessment at this early stage in the litigation and, therefore, this factor does not contribute in a meaningful way to a Rule 41(b) dismissal analysis.

Finally, while the defendant suggests that it will suffer prejudice if this motion to dismiss is not granted because Hughes contends that this claim is barred by the statute of limitations, Hughes does not persuasively explain how it would be prejudiced in advancing this statute of limitations claim if we declined to dismiss this action under Rule 1042.3. Indeed, Hughes' argument seems to be that TranSystems' complaint was time-barred in August 2014, when it was first filed, since Hughes

contends that the four year statute of limitations "began to accrue in July 2010." (Doc. 18, p. 6.)  While we need not resolve this statute of limitations claim, which is not directly before us at the present time, suffice it to say that if Hughes is correct in its assessment of when this claim accrued in July 2010, then a decision to deny this motion to dismiss would not prejudice Hughes' presentation of this statute of limitations defense, since the original complaint would have been untimely in any event.  Likewise, if TranSystems is correct that the four-year limitations period does not expire until October 2015, then our decision to deny this motion to dismiss would not materially effect consideration of the merits of any statute of limitations claim. Therefore, Hughes simply has not shown any prejudice to this legal defenses which might arise due to the denial of this motion to dismiss.

Indeed, it is difficult to perceive what demonstrable prejudice could arise in this case since the period of TranSystems' non-compliance with Rule 1042.3 was fleeting, fixed and finite.  TranSystems filed this complaint  on August 6, 2014. (Doc. 1.)  Since Rule 1042.3 allows a plaintiff to file a certificate of merit within 60 days after the filing of a complaint, TranSystems was not delinquent in this regard until 60 days had elapsed, on or after October 5, 2014.  Within 5 days of falling into non-compliance with this rule, TranSystems was placed on notice that Hughes regarded this matter as a material non-compliance when Hughes filed this motion to

dismiss on October 10, 2014.  Six days later, on October 16, 2014, TranSystems came into compliance with Rule 1042.3 by filing a certificate of merit.

On these facts, where the alleged failure to comply with Rule 1042.3 extended over a duration of only 11 days, we cannot find that Hughes has suffered the form of direct, concrete prejudice which would justify dismissal of this action.  Therefore, since the <u>Poulis</u> factors which guide our discretion under Rule 41(b) plainly do not support dismissal of this action, the motion to dismiss will be denied.

An order consistent with this memorandum opinion shall issue separately.

**_S/MARTIN C. CARLSON_**
Martin C. Carlson
United States Magistrate Judge